## PALMER v. THE STATE.

Injunction—evidence—record—repair of roads and bridges—trespasser ab initio.

A writ of injunction may be given in evidence, without the record of the case, and for a super-visor of highways, though directed to him as an individual.

The authority to enter adjoining land and cut timber to repair roads, covers the like entry to repair a bridge part of the road, and that authority is not limited to the period between the 1st of April and the 1st of October, but may be exercised whenever the road is out of repair.

A supervisor entering to cut timber for repair of road may be held a trespasser ab initio.

Error to the Common Pleas. Palmer was indicted for an assault and battery upon Huntoon. On trial it appeared, that when the assault and battery was committed, Huntoon was a supervisor of highways, and was upon Palmer's land cutting timber to repair a bridge, and the assault, &c. was to prevent him. Palmer offered a writ of injunction from chancery, enjoining Huntoon from entering on the land to cut timber. To this the state objected, because the *record* in chancery was not offered with it; because the writ was directed to Huntoon in his *individual* character; and, because the evidence was irrelevant. The objections were overruled by the court and excepted to. Palmer asked the court to instruct the jury, that under the supervisor's act (29 *O. L.* 368) of March 29, 1832, when the act complained of was done, there was no authority to cut timber to build or repair a bridge; and that if Huntoon took the best timber and left the poorest, he was a trespasser, and Palmer might resist. The court refused the instruction, which was excepted to. It is assigned for error that the court erred in admitting the evidence, and refusing the *instructions.* The court charged the jury, that if Huntoon committed waste while clothed with legal authority, he would be held a trespasser, ab initio. This charge is also assigned for error.

By the Court. We entertain the opinion that a bridge on a public road, is within the spirit of the act prescribing the duties of supervisors, and that the authority to cut timber to repair *roads,* includes authority to cut for the appropriate purpose of *repairing a bridge;* and the exercise of this power is not confined to the period between the 1st of April and the 1st of October, but is operative whenever the road, &c. is out of repair. We see no objection to the evidence admitted, or to the charge of the court, or the refusal to charge.

The judgment is affirmed, with costs.